# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-15-00298-CR
NO. 03-15-00299-CR

**James Bradley Warden, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BURNET COUNTY, 424TH JUDICIAL DISTRICT
NOS. 41100 & 41101, THE HONORABLE J. ALLAN GARRETT, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant James Bradley Warden was convicted by a jury of possession of less than one gram of a controlled substance and evading detention with a vehicle. *See* Tex. Health & Safety Code § 481.115(a),(b); Tex. Penal Code § 38.04(a), (b)(2)(A). The jury assessed appellant's punishment at confinement in a State Jail Facility for one year for the drug possession offense and eight years in the Texas Department of Criminal Justice for the evading detention offense.[1] *See* Tex. Penal Code § 12.33, 12.35.

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeals are frivolous and without merit. The brief meets the requirements

---

[1] The punishment range for the evading detention offense was enhanced with a prior conviction. *See* Tex. Penal Code § 12.42(a) (providing that at trial of third degree felony offense, defendant shall be punished for second degree felony upon proof of previous felony conviction).

of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988).

Appellant's counsel has certified to this Court that he sent copies of the motion and brief to appellant, advised appellant of his right to examine the appellate record and file a pro se response, and provided a motion to assist appellant in obtaining the record. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744. To date, appellant has not filed a pro se response or requested an extension of time to file a response.

We have conducted an independent review of the record—including the record of the trial proceedings below and appellate counsel's brief—and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious grounds for review and the appeals are frivolous. Counsel's motion to withdraw is granted.

On review of the record, however, we observe that the written judgments of conviction in these cases contain a clerical error. The judgment of conviction for possession of a controlled substance states that the "Statute for Offense" is "481.115(b) Health and Safety Code." The applicable statutory provisions for the drug possession offense as alleged in the indictment here, however, also include subsection (a) of section 481.115 of the Health and Safety Code. Similarly, the judgment of conviction for evading detention with a vehicle states that the "Statute for Offense" is "38.04(b)(2)(A) Penal Code." However, the applicable statutory provisions for the evading

2

detention offense as alleged in the indictment here also include subsection (a) of section 38.04 of the Penal Code.

This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 46.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Accordingly, we modify the judgment of conviction for possession of controlled substance to reflect that the "Statute for Offense" is "481.115(a), (b) Health and Safety Code." We modify the judgment of conviction for evading detention with a vehicle to reflect that the "Statute for Offense" is "38.04(a),(b)(2)(A) Penal Code."

As so modified, the trial court's judgments of conviction are affirmed.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Bourland

Modified and, as Modified, Affirmed

Filed:   November 24, 2015

Do Not Publish